UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
DELTA OIL COMPANY,              )
                                )
              Plaintiff,        )   MAGISTRATE JUDGE _____
                                )
    v.                          )   Civil Action No.
                                )   COMPLAINT
                                )
HERALD MEDIA, INC. and BOSTON   )
HERALD, INC.,                   )
              Defendants.       )
_____)
```

Plaintiff Delta Oil Company ("DELTA") hereby brings this Complaint and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff DELTA is a corporation organized under the laws of Guernsey, Channel Islands, with its principal place of business in Jeddah, Saudi Arabia. Defendant HERALD MEDIA, INC. is a corporation incorporated in Massachusetts and having its principal place of business in Massachusetts. BOSTON HERALD, INC. is a subsidiary of the parent corporation HERALD MEDIA, INC. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars. This Court has original jurisdiction under 28 U.S.C. §1332, in that this is a civil action between citizens of a state and citizens or subjects of a foreign state, in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

2. Venue is proper in the Commonwealth of Massachusetts, because a substantial part of the events or omissions giving rise to the claims occurred in that State.

## PARTIES

3. Plaintiff DELTA is, and at all times relevant was, a privately held corporation doing business in Saudi Arabia. DELTA invests in oil exploration, development, transport, refinement and sale. DELTA is not a public figure, nor has it voluntarily injected itself into a matter of public concern in an attempt to influence the outcome of a public controversy. No officers or employees of DELTA have been interviewed by any journalist in connection with the matter at issue, including those journalists reporting for the Boston Herald.

4. HERALD MEDIA, INC. is and at all times relevant was the parent company of BOSTON HERALD, INC. Both are domestic U.S. companies, and publish the daily newspaper entitled, "The Boston Herald."

5. All actions of HERALD MEDIA, INC. and BOSTON HERALD, INC. (collectively, "HERALD") as alleged in the cause of action stated herein were ratified and approved by their lawyers, officers, directors, managing agents and/or editors.

### FIRST CAUSE OF ACTION
### LIBEL (COUNT I)
### (Against All Defendants)

6. On December 10 and 11, 2001 *The Boston Herald* ran a series of three newspaper articles linking Saudi families with "financial ties to Osama Bin Laden's terrorist network" to three Saudi oil companies: Delta Oil, Nimir Petroleum and Corral Petroleum.

7. Specifically, the December 10, 2001 article under the byline of Jack Myers, Jonathan Wells and Maggie Mulvihill, headlined "War on Terrorism; Saudi clans working with U.S. Oil firms may be tied to Bin Laden," states that the "prime force behind Delta Oil appears to be Mohammed Hussein Al-Amoudi" and links Al-Amoudi to Osama Bin Laden and Al-Qaeda.

8. In fact, contrary to the substance of the articles described in the foregoing paragraphs 6 and 7, Al-Amoudi does not now nor has he ever controlled or owned DELTA. Furthermore, on February 19, 2002 the Boston Herald printed a retraction, admitting that it was incorrect in reporting that Al-Amoudi had ties to Osama Bin Laden and Al-Qaeda, but failing to correct the misstatement regarding DELTA.

9. Others, citing this article, have continued to perpetuate this falsehood. (*See, e.g.*, "Dude, Where's My Country?" by Michael Moore, pp. 30-31, "Delta is headed by a man named Mohammed Hussein Al-Amoudi who has been investigated for ties to Osama Bin Laden.")

10. DELTA, based on the false information in the Boston Herald article, was named as a defendant in a significant lawsuit. DELTA was eventually voluntarily dismissed when it was clearly shown that DELTA never has been owned or controlled by Al-Amoudi or bin Mafouz (also mentioned in the Boston Herald article) nor connected in any way to Osama Bin Laden or Al Qaeda.

11. The false statements linking DELTA to Al-Amoudi, and therefore to Osama Bin Laden, are libelous on their face. Additionally, because the offending statements imply that DELTA committed a crime, namely funneling money to a terrorist network, they are libelous per se.

12. The false statements are reasonably susceptible to a defamatory meaning. Three months after the September 11, 2001 terror attacks against the United States, HERALD reported that DELTA was controlled by a man who was alleged to be giving financial support to the same terrorist network that perpetuated those attacks. Thus, the entire story supports the falsehood that DELTA is owned or controlled by supporters of the Al Qaeda terrorist organization.

13. The offending statements were published with negligence and with constitutional and actual malice with knowledge that they were false or with a reckless disregard for the truth or falsity of what was printed.

14. As a proximate result of the above-mentioned conduct, DELTA has suffered extensive damages, including loss of reputation, interference with existing business relations, loss of business, decrease in business opportunities and has generally suffered discredit and suspicion in the eyes of the public and its business associates for something that is not true. Furthermore, DELTA was named in, and suffered the expense of defending against, a lawsuit based on the false information.

15. In addition, HERALD's conduct as described was done with a conscious disregard of the rights of DELTA by falsely implying it was owned or controlled by a supporter of terrorists. Defendants' acts constitute oppression, fraud, and/or malice, entitling DELTA to an award of punitive damages in an amount to be determined at trial.

16. As part of the effort to restore its reputation, DELTA demands an apology and a retraction to be published in *The Boston Herald* in a form to be approved by the Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks for judgment and relief against defendants HERALD MEDIA, INC. and BOSTON HERALD, INC. on all of its claims as follows:

1. For general damages;

2. For punitive damages;

3. For an apology and retraction; and

4. Such other relief as the Court may deem just or appropriate.

Respectfully submitted,

By: /s/ Michael A. Fitzhugh
Michael A. Fitzhugh
BBO 169700
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
Telephone: 617/695-2330
Telecopier: 617/695-2335

Of Counsel:
Michael J. McManus
Elizabeth L. Ewert
Brian A. Coleman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465

Dated: December 7, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Delta Oil Company v. Herald Media, Inc. and Boston Herald, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No.

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No.
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No.

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). XXX No. OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). XXX No.

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? XXX No.                    (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION No. OR WESTERN SECTION No.

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael A. Fitzhugh
                 Fitzhugh, Parker & Alvaro LLP
ADDRESS  155 Federal Street, Boston, MA 02110
TELEPHONE NO. 617-695-2330

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Delta Oil Company
Jeddah, Saudi Arabia

**DEFENDANTS**
Boston Media, Inc. and
Boston Herald, Inc.
Boston, MA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael A. Fitzhugh
Fitzhugh, Parker & Alavro LLP
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☒ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This is an action arising out of Defendants' printing of libelous material in the newspaper resulting extensive damages to the Plaintiff.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/7/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____